IN THE DISTRICT COURT IN AND FOR
THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.

LILI TELLO,

    Plaintiff,

v.

DIVERSIFIED COLLECTION SERVICES, INC.,

    Defendant.
_____/

## NATURE OF ACTION

1.    This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq* and the Florida Consumer Collection Practices Act, Fla. Stat. §559.72. (hereafter the "FCCPA").

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.    Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

## PARTIES

4.    Plaintiff, LILI TELLO ("Plaintiff"), is a natural person who at all relevant times resided in the State of Florida, County of Pinellas, and City of Largo.

5.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.    Defendant, DIVERSIFIED COLLECTION SERVICES, INC. ("Defendant") or ("DCS") is a corporation who at all relevant times was engaged, by use of the mails and

telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5) as well as the FCCPA.

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as well the FCCPA..

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.  Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another

11. Plaintiff had been making regular payments to the Defendant on a consumer debt.

12. In May of 2010, Defendant represented to Plaintiff that she had one final $95 payment to make to them and that once she made that final payment she would be able to deal with the creditor directly and make regular monthly payments to them.

13. For the following two (2) months, Plaintiff tried repeatedly to make the final payment to Defendant, and made numerous telephone calls to the Defendant however they refused to return her calls.  Instead, Defendant initiated garnishment proceedings and garnished Plaintiff's wages.

14. When Plaintiff was finally able to speak to Defendant about the situation, Defendant's collector that she spoke to called her a "loser" and a "low life" for not fully paying the aforementioned debt.

15. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I

16. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 15.

17. Defendant violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with collection of a debt, including but not limited to misrepresenting to Plaintiff that she had one final $95 payment to make to them and that once she made that final payment she would be able to deal with the creditor directly and make regular monthly payments to them.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e.
b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;
c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;
d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;
e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

18. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 15.

19. Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt, including but not limited to telling Plaintiff that she had one final $95 payment to make to them and that once she made that final payment she would be able to deal with the creditor directly, but then refusing to allow Plaintiff to make the final payment and instead garnishing her wages.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692f.

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper

## COUNT III

20. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 15.

21. Defendant violated 15 U.S.C. § 1692d(2) by using language the natural consequence of which was to abuse Plaintiff, including calling Plaintiff a "loser" and a "low life".

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692d(2).

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATIONS OF THE SECTION 559.72(8) OF THE FCCPA
## AGAINST DCS

22. Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1-15 of this complaint.

23. Defendant violated §559.72(8) of the Florida Consumer Collection Practices Act by using profane, obscene, vulgar or willfully abusive language in communicating with the debtor or any member of her family.

24. As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, LILI TELLO, by and through her attorneys, respectfully prays for judgment as follows:

 a. All actual compensatory damages suffered;

 b. Emotional and/or mental anguish damages;

 c. Statutory damages of $1,000.00;

 d. Plaintiff's attorneys' fees and costs;

 e. Any other relief deemed appropriate by this Honorable Court.

## TRIAL BY JURY

25. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 3rd day of November, 2010.

  Respectfully submitted,
  **LILI TELLO**

  By: s/ Alex D. Weisberg
  ALEX D. WEISBERG
  FBN: 0566551
  WEISBERG & MEYERS, LLC
  ATTORNEYS FOR PLAINTIFF
  5722 S. Flamingo Rd, Ste. 656
  Cooper City, FL 33330
  (954) 212-2184
  (866) 577-0963 fax
  aweisberg@attorneysforconsumers.com